IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SIMONE RIVERS,<br><br>  Plaintiff,<br> v.<br><br>COUNTY OF MARIN, et al.,<br><br>  Defendants.<br>_____ / | Case No.: C 05-4251<br><br>**ORDER GRANTING IN PART DEFENDANT'S MOTION TO STRIKE AND GRANTING DEFENDANT'S MOTION TO DISMISS** |

Defendant County of Marin moves to strike paragraphs 12-18 of plaintiff's complaint and the reference to the Board of Supervisors of Marin County pursuant to Federal Rule of Civil Procedure 12(f). The County further moves to dismiss the Department of Probation for the County of Marin as a defendant pursuant to Federal Rule of Civil Procedure 12(b)(5). Having carefully considered the arguments of the parties, the Court hereby DENIES defendant's motion to strike paragraphs 12-18, GRANTS defendant's motion to strike the reference to the Board of Supervisors, and GRANTS the motion to dismiss the Department of Probation for the County of Marin as a separate defendant.

**BACKGROUND**

Plaintiff Simone Rivers is an African-American female whose "skin color is black." Complaint of Plaintiff Simone Rivers ("Complaint") at ¶ 11. In May 1994, she began her employment with Marin County as a Group Counselor at the Probation Department. *Id.* at ¶ 12. On April 9, 2003, Rivers filed a civil suit against defendants County of Marin ("County"), the Department of Probation for the County of Marin ("Department") and the Board of Supervisors for the County for Marin ("Board"), alleging race- and gender-based harassment and discrimination in violation of state and federal law. The action settled, and judgment was entered on December 6, 2004.

On October 20, 2005, plaintiff initiated a second action against defendants based upon conduct that occurred after she filed the first complaint. In this action, she claims that the alleged misconduct continued and intensified following both the initiation of the first action as well as the resulting judgment in her favor. Complaint at ¶¶ 18, 19. Rivers alleges that during this period, she experienced even more discrimination, retaliation and harassment conducted with the apparent goal of rendering working conditions so unbearable as to compel her to resign. Rivers claims that the conduct included:

> (1) untrue and discriminatory performance evaluations that listed plaintiff as "unsatisfactory," (2) excluding plaintiff from meetings and training, (3) ignoring and isolating plaintiff in the workplace, (4) refusing to consider plaintiff for promotion, (5) making inappropriate and unwelcome comments, (6) presenting plaintiff with racially motivated jokes, pictures, and stereotypical comments regarding African-Americans, and (7) other adverse employment actions and/or practices that affected the terms and conditions of employment.

*Id.* at ¶ 18. According to the complaint, such abuse did not abate with the Court's judgment in her favor, but instead worsened to include:

> (1) negative and inappropriate comments to superior court judges and staff regarding plaintiff's work performance, (2) active attempts to sabotage plaintiff's work product as a probation officer, (3) disciplining plaintiff for not being at work when plaintiff was required to be in training, (4) creating improper "separate" personnel-related files on plaintiff in an attempt to create a record to discipline or terminate plaintiff, (5) vandalizing plaintiff's office, (6) intimidating plaintiff at the workplace, (7) placing racially motivated pictures and jokes in plaintiff's presence, (8) negative performance evaluations and/or comments, (9) refusing to consider plaintiff for promotion, and (10) engaging in other harassment, adverse actions, and workplace conduct that altered the terms and conditions of employment.

*Id.* at ¶ 19. Rivers asserts that she continued to make internal complaints and requests for assistance from both the defendants and the "Affirmative Action" office and exhausted all administrative remedies with the Department of Fair Employment and Housing and the U.S. Equal Employment Opportunity Commission ("EEOC"). *Id.* at ¶¶ 9, 19. After obtaining right-to-sue letters, plaintiff initiated the current action.

On December 2, 2005, the County filed two motions, a motion to strike and a motion to dismiss. Pursuant to Federal Rule of Civil Procedure 12(f), defendant moves to strike paragraphs 12-18, which it asserts are barred by the doctrine of res judicata, and the reference in plaintiff's complaint to the "Board of Supervisors for the County of Marin," which it asserts is immaterial. Paragraphs 12-17 of plaintiff's complaint contain allegations of misconduct that served as the subject of the first action and

occurred before the filing of the first complaint. Paragraph 18 contains allegations of misconduct that are the focus of the current complaint and occurred in between the filing of the first complaint and the judgment in that action. Defendant further moves to dismiss the Department of Probation for the County of Marin from the action for insufficiency of service of process pursuant to Rule 12(b)(5).[1]

**LEGAL STANDARD**

**1. Legal Standard for Motion to Strike Pursuant to Rule 12(f)**

Rule 12(f) permits the Court to "[strike] from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). However, "[m]otions to strike are generally regarded with disfavor because of the limited importance of pleading in federal practice, and because they are often used as a delaying tactic." *Neilson v. Union Bank of Cal., N.A.*, 290 F. Supp. 2d 1101, 1152 (C.D. Cal. 2003). Accordingly, such motions should be denied unless the matter has no logical connection to the controversy at issue *and* may prejudice one or more of the parties to the suit. Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* ("Wright & Miller") § 1382 (1990) (citing *Leas v. General Motors Corp.*, 278 F. Supp. 661 (E.D. Wis. 1968)); *SEC v. Sands*, 902 F. Supp. 1149, 1166 (C.D. Cal. 1995). In the absence of such prejudice, courts have denied Rule 12(f) motions "even though the offending matter literally [was] within one or more of the categories set forth in Rule 12(f)." Wright & Miller § 1382 (quoted in *Rawson v. Sears Roebuck & Co.*, 585 F. Supp. 1393, 1397 (D. Colo. 1984)).

**A. Legal Standard for Invoking Doctrine of Res Judicata for Rule 12(f) Motion to Strike Paragraphs 12-18**

Rule 12(f) allows courts to strike claims barred by the doctrine of res judicata. *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993). Res judicata bars the re-litigation of issues that have already been litigated or *could have been* litigated in a prior action. *Federated Dep't Stores v. Moitie*, 452 U.S. 394, 398 (1981). This doctrine involves three necessary elements. *Tahoe-Sierra Pres.*

---

[1] The parties have both filed requests for judicial notice in connection with these motions. The Court hereby GRANTS those requests (Docket Nos. 7, 23, 26).

3

*Council, Inc. v. Tahoe Reg'l Planning Agency*, 322 F.3d 1064, 1077 (9th Cir. 2003) (internal citations omitted). First, there must be an "identity of claims," meaning that the two actions must arise from "the same transactional nucleus of facts." *Id.* at 1078. "Newly articulated claims based on the same nucleus of facts may still be subject to a res judicata finding if the claims could have been brought in the earlier action." *Id.* at 1078. Second, there must have been a "final judgment on the merits" of the claim. *Id.* at 1081. Third, there must exist "privity between the parties." *Id.* at 1081.

The Ninth Circuit has outlined four factors that courts should consider when determining whether the first element, an identity of claims, is present: "(1) whether rights or interests established in the prior judgment would be destroyed or impaired by prosecution of the second action; (2) whether substantially the same evidence is presented in the two actions; (3) whether the two suits involve infringement of the same right; and (4) whether the two suits arise out of the same transactional nucleus of facts." *Costantini v. Trans World Airlines*, 681 F.2d 1199, 1201-02 (9th Cir. 1982).

### B. Legal Standard for Motion to Strike Reference to "Board of Supervisors of the County of Marin"

As stated above, Rule 12(f) permits the Court to strike from any pleadings any "immaterial matter." Fed. R. Civ. P. 12(f). Such matters are those that have "no essential or important relationship to the claim for relief or the defenses being pleaded, or a statement of unnecessary particulars in connection with and descriptive of that which is material." *Fogerty*, 984 F.2d at 1527.

## II. Legal Standard for Motion to Dismiss Department of Probation for the County of Marin from Current Action Pursuant to Rule 12(b)(5)

Federal Rule of Civil Procedure (4)(j)(2) requires that "[s]ervice upon a state, municipal corporation, or other governmental organization subject to suit, shall be effected . . . by serving the summons and complaint in the manner prescribed by the law of that state for the service of summons or other like process upon any such defendant." Fed. R. Civ. P. (4)(j)(2). Failure to fulfill such service requirements serves as grounds for dismissal of the action pursuant to Rule 12(b)(5), which provides dismissal for "insufficiency of service of process." Fed. R. Civ. P. 12(b)(5).

**DISCUSSION**

**I.      Motion to Strike Paragraphs 12-18 of Plaintiff's Complaint**

Paragraphs 12-17 of plaintiff's complaint describe conduct that occurred before the filing of the first complaint, while paragraph 18 describes conduct that occurred after the first filing and before the resulting judgment. In moving to strike these paragraphs, the County of Marin argues that the allegations they contain have been or could have been asserted by plaintiff in the prior action. Thus, defendant asserts that the allegations contained in those paragraphs are barred by doctrine of res judicata.

**A.      Paragraph 18 is Not Barred by the Doctrine of Res Judicata**

Plaintiff alleges in paragraph 18 that she was the victim of discrimination, harassment and retaliation in the period between when the first complaint was filed and when judgment was entered. Defendant asserts that such claims could have been asserted in the prior complaint and thus, are also barred by res judicata. *See Costantini*, 681 F.2d at 1201 (holding that doctrine of res judicata bars "all grounds of recovery which could have been asserted, whether they were or not, in a prior suit between the same parties . . . in the same cause of action.").

In *Costantini*, the Ninth Circuit ruled that the successive claim brought by plaintiff was barred by res judicata even though plaintiff claimed to have discovered additional supporting evidence. *Id.* at 1202. The court reasoned that such evidence could have been unearthed during the discovery stages of the prior action and was insufficient to establish a distinct transactional nucleus of fact. *Id*. Outside of this evidence, the cause of action alleged in the second claim was identical to that of the first. *Id.*

Although there is some similarity between the current pair of cases and *Costanini* pair of cases, the grounds on which the Ninth Circuit applied res judicata in *Costanini* are not present here. The *Costanini* plaintiff as part of the second suit alleged new facts in support of a claim that was essentially identical to the preceding one. Here, however, paragraph 18 does not serve as additional support for a prior claim, but instead as grounds for a completely new one with allegations stemming from a different period of time. This temporal distinction between the plaintiff's two claims did not exist in *Costanini*.

5

Defendant further argues that plaintiff could have asserted the claims in paragraph 18 during the twenty months when the first action was pending. The Ninth Circuit has established that "[n]ewly articulated claims based on the same nucleus of facts may still be subject to a res judicata finding if the claims could have been brought in the earlier action." *Tahoe-Sierra Pres. Council*, 322 F.3d at 1078. Such claims are barred, however, only if they stem from the same nucleus of fact. *Id.* at 1078. That is not the case here, since the primary allegations in the current action occurred in a time period distinct from that of the first suit.[2] *See SEC v. First Jersey Securities, Inc.*, 101 F.3d 1450, 1464 (2nd Cir. 1996) ("If a defendant engages in actionable conduct after a lawsuit is commenced, the plaintiff may seek leave to file a supplemental pleading to assert a claim based on the subsequent conduct. . . . But he is not required to do so, and his election not to do so is not penalized by application of res judicata to bar a later suit on that subsequent conduct."); *Los Angeles Branch NAACP v. Los Angeles Unified Sch. Dist.*, 750 F.2d 731, 739 (9th Cir. 1984).

The allegations contained in paragraph 18 do not arise from the same nucleus of transactional facts as those contained in the prior complaint and thus are not barred by res judicata. The Court thus DENIES defendant's motion to strike this section of the complaint.[3]

**B.   Paragraphs 12-17 are Not Barred by the Doctrine of Res Judicata**

In addition to alleging new misconduct, plaintiff's current complaint includes the same allegations as her prior complaint. Indeed, paragraphs 12-17 of the complaint are taken verbatim from

---

[2]Defendant argues that the Court should follow *Stephenson v. United Air Lines, Inc.*, 2002 U.S. Dist. LEXIS 23301 (N.D. Cal. 2002). In *Stephenson*, plaintiff filed two successive actions alleging disability discrimination, both against the same defendants. *Id.* at 2. In addition to the same allegations made in the preceding action, the second suit also incorporated a claim of retaliation and was based on events which occurred after the filing of the first suit. *Id.* at 2. Plaintiff filed the second action at the same time as he appealed the grant of summary judgment for the first. *Id.* at 2. The *Stephenson* court held that the claims in the second complaint were barred by res judicata, even though plaintiff based the new suit on facts from later dates, reasoning that the first complaint could have been amended to contain the new allegations. *Id.* at 15-16. The procedural status of *Stephenson* distinguishes it from the current case. There, plaintiff's claims had effectively been adjudicated against him at the time plaintiff filed the second action, and his piggyback claims for retaliation were then based on claims already pending on appeal. That situation is not faced here.

[3]The Court does not address Federal Rule of Civil Procedure 1 because it does not serve as an independent basis for a motion to strike.

6

the earlier complaint in Rivers' prior action. Defendant argues that by reusing large portions of the earlier complaint, plaintiff is compelling the County of Marin to address claims barred by res judicata. Plaintiff asserts that paragraphs 12-17 demonstrate a pattern of discrimination and retaliation by defendant which continued after the first filing.

It is established that allegations from prior complaints "may be permitted in a pleading if they are relevant to the claim for relief or provide useful background for the parties and the court in the absence of any prejudice." Wright & Miller § 1382 (citing *Liveright v. Joint Committee of General Assembly*, 279 F. Supp. 205, 210, 217 (D. Tenn. 1968)). Although plaintiff here alleges many of the same facts contained in the preceding complaint, the nucleus of operative fact in the present action remains distinct from that of that prior suit.[4] Plaintiff alleges the statutory violations to have occurred after the filing of the first action, allegations for which no judgment has been entered.

Consequently, paragraph 12-17 are not barred by the doctrine of res judicata. The Court accordingly denies defendant's motion to strike this section of the complaint.

## II.     Motion to Strike the Reference to "Board of Supervisors of the County of Marin"

The County also moves to strike any reference to the Board of Supervisors under Federal Rule of Civil Procedure 12(f). According to the County, naming the Board of Supervisors as a defendant in this action is superfluous, since the Board and the County are not legally distinct entities. The County does not dispute the fact that the Board can be sued but rather is arguing that "suing one is the same as suing both."

The California Government Code provides that a "county may exercise its powers only through

---

[4] In its reply to the plaintiff's opposition brief, the County argues that the doctrine of res judicata prohibits a trier of fact from even considering the evidence contained in paragraphs 12-17. *See Gregory v. Windall*, 153 F.3d 1071, 1074 (9th Cir. 1998) (holding that, because res judicata barred prior claims, "we are therefore estopped from *considering* evidence of incidents before September 6, 1994 to prove that Gregory was subject to a hostile work environment"). There is a significant difference, however, between the claims being made in this case and those made in *Gregory*. The hostile work environment claim raised by Gregory was based on the same set of factual allegations that served as the focus of the preceding suit. In the present case paragraphs 12-17 of plaintiff's complaint, which contain the allegations from the first action, do not serve as the primary focus for the current suit, but instead merely provide background information. Since defendant's liability will not be based upon these paragraphs, they are not barred under *Gregory* and can be considered as evidence.

7

the board of supervisors or through agents and officers acting under authority of the board or authority conferred by law." Cal. Gov't Code § 23005. According to this provision, the Board essentially controls the actions of the County. Such authority also extends to decisions regarding litigation to which the County is a party since the Code further states that "[t]he board shall direct and control the conduct of litigation in which the county. . . is a party." Cal. Gov't Code at § 25203. It thus follows that the County does not conduct itself independently with regards to this suit. Plaintiff has offered no other reason for treating the Board and the County as separate defendants. She does not allege that the two engaged in differing misconduct or that distinct legal theories apply to each.

While the reference to the Board seems to literally fall under Rule 12(f), courts have required a showing of prejudice stemming from the offending matter before granting a motion to strike. Wright & Miller § 1382 (citing *Leas v. General Motors Corp.*, 278 F. Supp. 661 (E.D. Wis. 1968)). Defendant has raised the possibility of prejudice, including the evasion of discovery limitations and confusion on the part of the jury. Given that the plaintiff has not offered any reason to treat the Board as a separate party to the litigation, the Court grants defendant's motion to strike the reference to the "Board of Supervisors of Marin County" in the complaint.

### III.     Motion to Dismiss the Probation Department for the County of Marin as a Defendant

Federal Rule of Civil Procedure 4(j)(2) requires that "[s]ervice upon a state, municipal corporation, or other governmental organization subject to suit, shall be effected . . . by serving the summons and complaint in the manner prescribed by the law of that state for the service of summons or other like process upon any such defendant." Fed. R. Civ. P. 4(j)(2). The County asserts that Rivers has not fulfilled the service requirements of this provision and moves to dismiss the Department of Probation for insufficiency of service of process pursuant to Federal Rule of Civil Procedure 12(b)(5). Fed. R. Civ. P. 12(b)(5). At the core of the County's argument is that the Department of Probation is not a governmental agency subject to the suit according to state law.

The Court grants defendant's motion to dismiss the Department of Probation as a defendant for the same reasons that it grants the motion to strike the reference to the Board of Supervisors. Permitting the County of Marin and the Department of Probation for the County of Marin to be named separately

8

as defendants runs against efficient management of this suit. The possible prejudice mentioned in defendant's motion to strike the reference to the Board, evasion of discovery limitations and confusion on the part of the jury, are also present here. Meanwhile, Rivers has offered no reason for treating the Department as a defendant distinct from the County. She does not allege that the Department committed distinct statutory violations or that distinct legal theories apply to it. Nor does plaintiff allege that having both entities involved would increase her ability to fully collect any possible damage award.

Accordingly, defendant's motion to dismiss is GRANTED.

## CONCLUSION

The Court DENIES defendant's motion to strike as to paragraphs 12-18 of plaintiff's complaint and GRANTS the motion to strike the reference to the Board of Supervisors (Docket No. 4). It further GRANTS defendant's motion to dismiss the Department of Probation (Docket No. 9).

**IT IS SO ORDERED.**

Date: March 6, 2006

SUSAN ILLSTON
United States District Judge